KOYO SEIKO CO., LTD. AND KOYO CORP. OF U.S.A., PLAINTIFFS *v.* UNITED STATES AND U.S. DEPARTMENT OF COMMERCE, DEFENDANTS, TIMKEN CO., DEFENDANT-INTERVENOR

Court No. 92–03–00156

(Dated August 23, 1996)

## JUDGMENT

TSOUCALAS, *Judge:* On June 12, 1996, this Court, in *Koyo Seiko Co. v. United States,* 20 CIT 720, Slip Op. 96–94 (1996), remanded the final

---

[76] Defendant-intervenors submit that the volume of domestic production relative to domestic demand is not the sole measure of injury. The Commission is not required to consider the industry's ability to meet domestic demand. 19 U.S.C. § 1677(7). Rather, it must consider the volume of subject imports and any increase relative to domestic production or consumption. 19 U.S.C. § 1677(7)(B), (C)(i). Then, it must consider if underselling exists, and whether imports otherwise suppress and depress prices. 19 U.S.C. § 1677(7)(C)(ii). The Commission must also consider all other relevant economic factors. 19 U.S.C. § 1677(7)(C)(iii).

[77] 19 U.S.C. § 1677(7)(C)(iii)(III), (IV) (1988). Factors to consider include output, sales, inventories, capacity utilization, market share, employment, wages, productivity, profits, cash flow, return on investment, ability to raise capital, research and development. All factors are to be considered "within the context of the business cycle and conditions of competition that are distinctive to the affected industry." *Id.*

[78] S. Rep. No. 71, 100th Cong., 1st Sess. 117 (1987).

[79] *Determination* at 10–11, 22 (List 1, Doc. 106).

results entitled *Tapered Roller Bearings, and Parts Thereof, Finished and Unfinished, From Japan; Final Results of Antidumping Duty Administrative Review ("Final Results"),* 57 Fed. Reg. 4,960 (Feb. 11, 1992), to the Department of Commerce, International Trade Administration ("Commerce"). In accordance with the March 20, 1996, decision and mandate of the United States Court of Appeals for the Federal Circuit, Appeal Nos. 95–1294, 95–1303, the Court ordered Commerce to recalculate the dumping margins for tapered roller bearings ("TRBs") produced by Koyo Seiko Co., Ltd., and distributed by its subsidiary, Koyo Corporation of U.S.A. (collectively "Koyo") without imposing the ten percent cap to each of the five criteria used to match U.S. TRBs with home market TRBs.

Commerce complied with the Court's directive in *Koyo Seiko* by removing the ten percent cap from the sum-of-the-deviations model-match computer programming language and recalculated Koyo's 1989–90 antidumping duty margin. *Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A. v. United States, Slip Op. 96–94 (June 12, 1996), Final Results of Redetermination Pursuant to Court Remand ("Redetermination on Remand")* (filed August 12, 1996). The dumping margin for Koyo for the period October 1, 1989—September 30, 1990, without imposition of the ten percent cap, is 30.08%. *Id.*

Accordingly, the Court affirms Commerce's Redetermination on Remand in its entirety. This case is dismissed.